UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| GEORGE IBRAHIM, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. |
| v. | ) |
| | ) |
| BUDZIK & DYNIA, LLC | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

GEORGE IBRAHIM (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges the following against BUDZIK & DYNIA, LLC (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Florida; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Sebring, Highlands County, Florida.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Chicago, Illinois.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around June of 2011, Defendant began placing collection calls to Plaintiff in connection with an alleged debt.

11. Defendant calls Plaintiff from 888-322-1296, and other numbers.

12. Throughout June of 2011, Defendant made numerous calls to Plaintiff's place of business and repeatedly spoke with Plaintiff's employees.

13. Defendant has revealed to Plaintiff's employees the nature and amount of the debt allegedly owed by Plaintiff.

14. Defendant has revealed to Plaintiff's employees that Defendant is seeking to collect from Plaintiff on the debt.

15. Defendant has revealed to Plaintiff's employees that Defendant would soon be suing Plaintiff on the claimed debt.

16. Defendant has revealed to Plaintiff's employees that the police are coming out to "get" Plaintiff if payment on the debt was not soon made.

17. Despite repeated demands by Plaintiff and also the staff at his business that calls are to cease and that Plaintiff does not owe this debt, Defendant continued to call Plaintiff's place of business, and make threatening statements in attempt to collect on the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

   b. Defendant violated §1692c(b) of the FDCPA by communicating, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, to third parties in connection with the collection of any debt;

   c. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person called at that number;

   e. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot be legally taken or is not intended to be taken;

   f. Defendant violated §1692e(10) of the FDCPA by making false or deceptive representations in connection with the collection of a debt.

   WHEREFORE, Plaintiff, GEORGE IBRAHIM, respectfully requests judgment be entered against Defendant, BUDZIK & DYNIA, LLC, for the following:

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

21. Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:  /s/ Shireen Hormozdi
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone:  (323) 988-2400 ext. 267
Fax:     (866) 802-0021
Attorney for Plaintiff
FBN: 0882461

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA    )
                    )
COUNTY OF Highlands )

Plaintiff, GEORGE IBRAHIM, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, GEORGE IBRAHIM, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

09-01-2011
Date

GEORGE IBRAHIM